Filed 8/19/24  P. v. Navabarrera CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCO ANTONIO NAVABARRERA,<br><br>    Defendant and Appellant. | 2d Crim. No. B327330<br>(Super. Ct. No. 20F-01317)<br>(San Luis Obispo County) |

Marco Antonio Navabarrera appeals his conviction, by jury, of one count of oral copulation against A.R., a person under 10 years of age (Pen. Code, § 288.7, subd. (b))[1], one count of committing a lewd act against A.R., a person under 14 years of age (§ 288, subd. (a)), four counts of committing forcible lewd acts against J.R., a person under 14 years of age (§ 288, subd. (b)(1)), and two counts of committing lewd acts against J.R. when J.R.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

was 14 or 15 years of age.  (§ 288, subd. (c)(1).)  With respect to the lewd act committed against A.R. and the forcible lewd acts committed against J.R., the jury further found true the enhancement allegation that the offenses were committed against multiple victims.  (§ 667.61, subd. (j)(2).)  The trial court sentenced appellant to a term of 15 years to life on count 1, the oral copulation against A.R., and consecutive terms of 25 years to life on the remaining lewd act offenses, for a total term of 140 years to life.  The trial court imposed a term of 2 years, eight months for the offenses committed against J.R. after the victim turned 14 years of age.

Appellant contends the matter should be remanded for resentencing because the probation department and the prosecutor misled the trial court into believing that it lacked discretion to impose concurrent, rather than consecutive, terms on counts 1 and 2, the offenses committed against A.R.  Because the record does not demonstrate that the trial court misunderstood or abused its sentencing discretion, we affirm.

*Facts*

The specific details of appellant's numerous, serious sex offenses are not relevant to this appeal, because the only issue he raises relates to trial court's exercise of its sentencing discretion.  Briefly stated, A.R. and J.R. are siblings. Appellant became a friend of their parents.  When their mother moved to San Luis Obispo County with A.R. and J.R., appellant visited them frequently.  The children were often home alone because their mother worked long hours.  Appellant took advantage of that situation to repeatedly sexually assault both children.  He also video recorded and photographed himself assaulting both children.

2

In its presentence report, the probation department recommended the trial court impose a sentence of 140 years to life, plus a determinate term of 2 years, 8 months for the two offenses appellant committed after J.R. turned 14. The probation department noted that "pursuant to PC 667.6(d)(1), a full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims." It did not classify the lewd act offense committed against A.R. as one of the offenses for which a consecutive term was mandatory. The department recommended that consecutive terms be imposed because the crimes were independent of each other, involved separate acts of violence, and were committed at different times or separate places. It explained that section 667.61, subdivisions (b) and (c) mandated a sentence of 15 years to life on count 1. It recommended consecutive terms of 25 years to life on counts 2, 4, 5, 6 and 7 under section 667.61, subdivision (j)(2).

The prosecutor's sentencing brief also requested consecutive sentences because appellant was convicted of eight sex offenses, four of which were forcible, against two victims. "[J]ustice will not be served should the Court impose only one life sentence on Defendant." She continued, "Defendant should not get a volume discount in punishment and have any of the sentences run concurrent to the other. Further, each victim deserves their own life sentence be imposed on Defendant, and none of the life sentences should be concurrent to any other." The sentencing brief also noted, "Pursuant to Penal Code Section 667.6(d)(1), '[a] full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same

3

victim on separate occasions.'" It did not classify count 2, the lewd act against A.R., as an offense for which a consecutive term was mandatory. The prosecutor contended, however, that the seriousness of appellant's offenses and the trauma suffered by the victims justified the maximum sentence. "Penal Code Section 667.6(d)(1) requires full and consecutive terms for terms 1-[9]." Appellant's trial counsel did not file a sentencing memorandum and presented no argument on the question of consecutive or concurrent terms.

At the sentencing hearing, the trial court stated that it had read the people's sentencing brief and the presentence report. It indicated that it would follow the probation department's recommendations "to the extent I can," explaining that it would not impose the upper term on counts 8 and 9 because the jury had not been asked to find any aggravating factors. The trial court did not cite section 667.6, subdivision (d), did not state that it believed consecutive terms were mandatory on counts 1 and 2, and did not say that it would have preferred to impose concurrent terms. Instead, the trial court informed appellant, "I want you to know that I do view you as a serial predator. You have destroyed [a] family. You had a profound impact on the lives of these young people. And for that reason you are going to face the consequences that are outlined in the report."

*Discussion*

Appellant contends the trial court was misled by the probation department and the prosecutor into believing that it was required to impose consecutive terms on counts 1 and 2. Because he believes the trial court may have misunderstood its discretion to impose concurrent terms, appellant contends the

4

matter should be remanded for resentencing on those counts. We disagree.

"When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it. [Citation.]" (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) Appellant has the burden to affirmatively demonstrate that the trial court misunderstood its sentencing discretion. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law. [Citation.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

Section 667.6, subdivision (d) mandates consecutive terms for certain sex offenses. However, the statute does not apply to section 288.7, subdivision (b) or to section 288, subdivision (a), the offenses of which appellant was convicted in counts 1 and 2. (*People v. Booth* (2018) 25 Cal.App.5th 450, 452-453; § 288.7, subd. (b); *People v. Pelayo* (1999) 69 Cal.App.4th 115, 125; § 288, sub. (a).) Consecutive terms were not mandatory on counts 1 and 2. The trial court nevertheless retained discretion to impose consecutive terms on these counts. (§ 669, subd. (a).)

The record does not demonstrate that the trial court was unaware of, or misunderstood this discretion. It did not cite section 667.6, subdivision (d) when imposing the sentences on counts 1 and 2, nor did it state that it believed consecutive terms were mandatory for them. In explaining its sentence, the trial court stated that it viewed appellant "as a serial predator" who had "destroyed [a] family," and who, for that reason, would "face the consequences" recommended in the pre-sentence report. If

5

the trial court believed consecutive terms were mandatory, it would not have needed to give reasons for this decision.

Additionally, neither the probation report nor the prosecution's sentencing brief argued that consecutive terms were mandatory for counts 1 and 2. Instead, they noted that consecutive terms were mandatory under section 667.6, subdivision (d) for certain offenses, but did not argue that the offenses in counts 1 and 2 fell within the scope of that statute.

This record does not affirmatively demonstrate that the trial court was unaware of its discretion to impose concurrent terms on counts 1 and 2. Instead, it demonstrates the trial court had reasons for imposing consecutive terms rather than presuming it was required to do so. "We assume the trial court was aware of and followed applicable law. [Citation.] Defendant's citation to a silent record is insufficient to meet his burden to demonstrate an abuse of discretion." (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724-725.)

*Conclusion*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

6

Craig B. Van Rooyen, Judge

Superior Court County of San Luis Obispo

_____

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Marc A. Kohm, Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.